UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KASHIF M. ABDUL-AZIZ,        )
                                   )
       Plaintiff,          )
                                   )  Case No. 09-cv-7609
      v.                     )
                                   )  Judge John W. Darrah
SHOW DEPARTMENT, INC.,     )
                                 )
       Defendant.      )
                                 )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Kashif M. Abdul-Aziz, brought this action against Defendant, Show Department, Inc. ("SDI"), claiming SDI violated Title I of the Americans with Disabilities Act of 1990 ("ADA"), codified at 42 U.S.C. § 12111 *et seq.* SDI then filed a Motion to Dismiss the claim against it. For the reasons discussed below, the Motion is granted.

### BACKGROUND

The following facts are taken from Plaintiff's Amended Complaint and are accepted as true for purposes of this Motion. Beginning February 18, 2005, Plaintiff worked as a warehouse/dock worker for SDI. On May 22, 2007, Plaintiff injured his right elbow in a serious accident while working at SDI. Although his physician placed him on light or restricted duty, Plaintiff continued to perform his duties at SDI for over two months. As a result of the accident and continued strain to his elbow, Plaintiff ultimately had to take off work for nine months. During his time off, he frequently informed SDI of his status, and his manager told him that he could return to his position

once he was able to work. He was released to work in February 2008, but SDI's vice

president told him that no positions were available. In September 2008, after numerous

inquiries about returning to work, SDI's vice president informed Plaintiff that the

company had terminated his position on May 21, 2008. On or about March 3, 2009,

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity

Commission ("EEOC") in Chicago, Illinois. On October 19, 2009, the EEOC issued

Plaintiff a Notice of Right to Sue, which stated that he could file an action under the

ADA.

Plaintiff initiated this action *pro se* on December 8, 2009. After obtaining

counsel, he filed an Amended Complaint, alleging that SDI violated Title I of the ADA.

Plaintiff claims that SDI had full- and part-time positions available, that he was qualified

for those positions despite his work restriction, and that SDI could accommodate him but

refused to do so, causing him financial and emotional damages.

On April 19, 2010, SDI filed this Motion to Dismiss pursuant to Federal Rule of

Civil Procedure 12(b)(6), arguing that Plaintiff's Amended Complaint fails to state a

claim that would entitle him to relief.

## LEGAL STANDARD

When ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure

12(b)(6), the court views the complaint's allegations in a light most favorable to the

plaintiff, draws all reasonable inferences in favor of the plaintiff, and takes as true all

well-pleaded facts and allegations in the complaint. *Reger Dev., LLC v. Nat'l City Bank*,

592 F.3d 759, 764 (7th Cir. 2010). Federal Rule of Civil Procedure 8(a)(2) requires "a

2

short and plain statement of the claim showing that the pleader is entitled to relief," in order to provide the defendant with fair notice of the plaintiff's claims and the grounds upon which they rest. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*Twombly*). To survive a motion to dismiss, the plaintiff's claim must be plausible and the factual allegations of the complaint must be "enough to raise a right to relief above the speculative level." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (*Brooks*) (quoting *Twombly*, 550 U.S. at 555). The Court is not required to accept as true, "legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)).

## ANALYSIS

SDI argues that Plaintiff has not pleaded sufficient facts to suggest any plausible claim to relief under the ADA. (Def.'s Mot. to Dismiss 1). In order to succeed on his ADA claim, Plaintiff must show:

> 1) that [he] is disabled; 2) that [he] is otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and 3) that the employer took an adverse job action against [him] because of [his] disability or failed to make a reasonable accommodation.

*Stevens v. Ill. Dep't of Transp.*, 210 F.3d 732, 736 (7th Cir. 2000) (citing 42 U.S.C. §§ 12111-12112).

Plaintiff makes only one claim for relief and alleges as follows:

> Plaintiff has a physical disability limiting his major life activities of among other things, moving or lifting his right arm. Plaintiff is disabled within the meaning of the ADA. Plaintiff is qualified to perform essential functions with or without reasonable accommodations, yet SDI has refused to allow him back to work.

(Am. Compl. ¶¶ 24-26.) Although Plaintiff recites all elements of an ADA claim, mere "threadbare recitals of the elements of a cause of action" are not sufficient to withstand a motion to dismiss. *See Brooks*, 578 F.3d at 581. Nor do the remaining allegations in Plaintiff's Amended Complaint contain sufficient support for his ADA claim.

First, in order to establish that he is disabled under the ADA, Plaintiff must show that his condition was a mental or physical impairment that substantially limited one or more of his major life activities. *Bragdon v. Abbott*, 524 U.S. 624, 631 (1998). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Winsley v. Cook County*, 563 F.3d 598, 604 (7th Cir. 2009) (*Winsley*) (quoting 42 U.S.C. § 12102(2)(A)).[1]

Plaintiff asserts that he is not required to specifically plead all of the elements of his cause of action and that his argument is supported by a district court's ruling in *King v. Northwest Community Hospital*, No. 09 C 5903, 2010 WL 1418581 (N.D. Ill. Apr. 7, 2010) (*King*). In *King*, the defendant argued that the plaintiff did not sufficiently plead the first element of an ADA claim – that she was disabled. *Id.* at *2. The plaintiff did allege, however, that she walked with a cane and suffered from osteoarthritis, fibromyalgia, and pseudo-gout, which required her to have hip-replacement surgery. *Id.* Even though she did not specifically list what major life activity was limited by these

---

[1] *Winsley* notes that Congress only recently amended the ADA to include lifting in the definition of "major life activities." The amended definition went into effect January 1, 2009.

impairments, the *King* court held that she had pleaded facts that plausibly suggested that walking (a major life activity) was substantially limited by her various impairments. *Id.* at *2-4.

Here, Plaintiff fails to allege any facts to show that his ability to lift qualifies as a major life activity or that it is substantially limited. He only alleges that he "suffered a serious accident and injured his right elbow," that his injury required surgery and extensive physical rehabilitation, and that he was off work for nine months because of the accident and continued strain to his elbow. (Pl.'s Am. Compl. ¶¶ 14, 16.) Regarding the current state of his injury (or the state of his injury at the time he sought to resume work with SDI), Plaintiff merely asserts that he has "a physical disability limiting his major life activities of among other things, moving or lifting his right arm." (Pl.'s Am. Compl. ¶ 24.) While Plaintiff does not need to provide detailed factual allegations, his obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of the case will not suffice. *Twombly*, 550 U.S. at 555. Plaintiff does not allege *how* his ability to lift his arm has been limited or how that limitation affects his ability to perform the tasks of a warehouse/dock worker. Indeed, many cases have held that a partial lifting restriction does not qualify as a legally significant limitation of a major life activity. *See, e.g.*, *Contreras v. Suncast Corp.*, 237 F.3d 756, 763 (7th Cir. 2001) (compiling cases).

Second, Plaintiff fails to allege that he was otherwise qualified to perform the essential functions of the job with or without reasonable accommodations. *See EEOC v. Supervalu, Inc.*, 674 F. Supp. 2d 1007, 1011 (N.D. Ill. 2009) (*Supervalu*). Plaintiff does

not allege he was able to perform his job as a warehouse/dock worker at any point in time after his injury. Nor does he allege that any reasonable accommodations were available to help him perform his job or that he ever sought any such accommodations from SDI. He merely asserts that he was off work for nine months and that SDI failed to provide a position for him when he decided he was able to return. These allegations are not sufficient to survive a motion to dismiss.

Third, Plaintiff fails to allege that any adverse employment action was taken against him *because of his disability*. *See Supervalu*, 674 F. Supp. 2d at 1011. Plaintiff does not allege that he was terminated on account of a disability. He merely alleges that "SDI had full and part-time positions available for Plaintiff despite his work restriction," that he was qualified for numerous positions at SDI (because of his graduate degree), and that "SDI refused to allow him back to work." (Am. Compl. ¶¶ 20, 26.) Plaintiff does not allege that he was refused an open position *because of* his alleged arm injury. Thus, his allegations are insufficient with regard to the third element, as well.

## CONCLUSION

Ultimately, Plaintiff has failed to allege facts sufficient to show a plausible claim that SDI violated the ADA by not hiring him back after he took nine months off on account of an arm injury. Accordingly, SDI's Motion to Dismiss is granted, and Plaintiff's Amended Complaint is dismissed. Plaintiff is given 21 days from the entry of this order to file a Second Amended Complaint if he can do so consistent with Rule 11.

Date: _August 25, 2010_

_____
JOHN W. DARRAH
United States District Court Judge

6